**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4491**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

ERIC DEAN SMITH, a/k/a Big E,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.   Terry L. Wooten, Chief District Judge.   (3:14-cr-00736-TLW-1)

Submitted:  June 28, 2016          Decided:  June 30, 2016

Before SHEDD, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven M. Hisker, HISKER LAW FIRM, PC, Duncan, South Carolina, for Appellant.   Jane Barrett Taylor, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Dean Smith pled guilty pursuant to a plea agreement to conspiracy to knowingly, intentionally, and unlawfully possess with intent to distribute and to distribute 5 kilograms or more of powder cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2012), and knowingly possessing an animal in interstate commerce for an animal fighting venture, in violation of 7 U.S.C. § 2156(b) (2012), 18 U.S.C. §§ 2, 49 (2012). Smith was sentenced to 360 months' imprisonment for the drug conspiracy and a concurrent 60 months' imprisonment for the animal fighting venture. His counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but raising for the court's consideration whether the sentence was reasonable. Smith filed a pro se supplemental brief challenging the Sentencing Guidelines enhancement for his role in the offense and the career offender designation. The Government did not file a brief. After a careful review of the record, we affirm.

We review a sentence's procedural and substantive reasonableness for an abuse of discretion. United States v. Howard, 773 F.3d 519, 527-28 (4th Cir. 2014). We first review for procedural errors such as improper calculation of the Guidelines range, failure to consider the 18 U.S.C. § 3553(a)

2

(2012) sentencing factors, selection of a sentence based on clearly erroneous facts, or failure to adequately explain the sentence, Gall v. United States, 552 U.S. 38, 51 (2007). Absent any procedural error, we examine the substantive reasonableness of the sentence under "the totality of the circumstances." Id. Sentences within or below a properly calculated Guidelines range are presumed substantively reasonable, and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014).

Because Smith withdrew his objections to the presentence report, he has waived review of those issues. United States v. Robinson, 744 F.3d 293, 298 (4th Cir. 2014) ("[W]hen a claim is waived, it is not reviewable on appeal, even for plain error."). Insofar as Smith may have forfeited review of an alleged error by failing to raise a timely objection, we review for plain error. Id.; United States v. Hamilton, 701 F.3d 404, 410 (4th Cir. 2012). To establish plain error, Smith must show: (1) error; (2) that was plain; and (3) that affected his substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013). If all three conditions are met, we will exercise our discretion to notice the error, but only if the error seriously affects the fairness, integrity, or public

reputation of the judicial proceedings. <u>Johnson v. United States</u>, 520 U.S. 461, 467 (1997).

We conclude there was no plain error with the drug quantity attributed to Smith or the finding that he is a career offender under <u>U.S. Sentencing Guidelines Manual</u> § 4B1.1(b) (2014). Because Smith requested a below-Guidelines sentence, we review the within-Guidelines sentence for abuse of discretion. <u>See United States v. Lynn</u>, 592 F.3d 572, 576-77 (4th Cir. 2010) (stating standard of review). We conclude that the district court's within-Guidelines sentence is both procedurally and substantively reasonable and not an abuse of discretion.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Smith's convictions and sentence. This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before this court and argument would not aid the decisional process.

AFFIRMED
